UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 15-30004-MGM |
| JOSE BOU and SALSARENGUE, INC. | * | |
| d/b/a Salsarengue, Inc. | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER REGARDING REPORT AND
RECOMMENDATION AS TO PLAINTIFF'S MOTION
FOR ASSESSMENT OF DAMAGES AND ENTRY OF DEFAULT JUDGMENT
(Dkt. No. 12)

December 7, 2015

MASTROIANNI, U.S.D.J.

Plaintiff, J&J Sports Products, Inc., as the holder of the exclusive, nationwide, commercial distribution rights to a June 9, 2012 WBO Welterwieght Championship Fight between Manny Pacquiao and Timothy Bradley ("the Program"), filed this suit against Defendants, Jose Bou and Salsarengue, Inc., seeking damages for violation of federal broadcasting statutes in connection with Defendants' alleged unlawful interception and broadcasting of the Program at their bar, located at 392 High Street in Holyoke. Defendants failed to appear or otherwise defend and on May 29, 2015 Plaintiff filed its Motion for Default Judgment and Assessment of Damages. The case was referred to Magistrate Judge Katherine A. Robertson and on October 1, 2015 she issued her Report and Recommendation ("R&R"), advising that an award enter against Defendants in the amount of

$5,931.91. On October 15, 2015, Plaintiff filed its objection to the R&R, arguing for an increase in the amount of the damage award to the maximum permissible under 47 U.S.C. §605. After having reviewed the complaint, the original motion and opposition, the R&R, and Plaintiff's objections, the court adopts Judge Robertson's recommendation in full for the reasons set forth below.

The procedural history and relevant facts were accurately and succinctly recounted in Judge Robertson's R&R and are consistent with Plaintiff's versions. The court, therefore, relies on the recitation of procedural history and relevant facts found in the R&R. Plaintiff objects to the amount of statutory damages proposed by Judge Robertson, arguing they "do not sufficiently compensate Plaintiff or function as an effective deterrent." (Pl. Obj. 1, Dkt. No. 24.)

Although Plaintiff's complaint included four counts, two under federal law and two under state law, Judge Robertson understood Plaintiff to be seeking damages only with respect to Count I, alleging violations of 47 U.S.C. § 605, which provides for damages in cases of unauthorized publication or use of wire and radio communications. Count II referenced a separate federal statute, 47 U.S.C. § 553, which sets forth penalties for the unauthorized reception of cable services. Counts III and IV were based on state law claims and require no further attention as Plaintiff agrees they are not a basis for damages. Consistent with the R&R and the approach of other courts in this district, the court declines Plaintiff's invitation to consider only § 605 in setting an award of damages in this case because the facts alleged by Plaintiff are sufficient to show whether Defendants' display of the program occurred through the unauthorized use of wire and radio communications or the unauthorized reception of cable services. *See, e.g.*, *Joe Hand Promotions v. Sorel*, 843 F.Supp.2d 130, 134 (D. Mass. 2012) (awarding damages at an amount appropriate under both § 553 and § 605 where the facts did not definitively demonstrate which statute applied); *Joe Hand Promotions v. Lenihan*, 11-10504-TSH, 2012 WL 3637833 *2 (D. Mass. Aug. 21, 2012) (same).

Though both § 553 and § 605 provide for damages, the range of damages varies. Under § 553 both the minimum and maximum amounts of statutory damages are lower than under § 605 and

2

awards of attorney's fees are discretionary rather than mandatory. The award suggested by Judge Robertson falls within the shared range and had three components: $2,200 in statutory damages, $2,000 enhancement for a "willful violation," and $ 1,731.90[1] in attorney's fees and costs. With respect to the component related to attorney's fees, this court finds the amount requested reasonable and, recognizing the necessity of Plaintiff obtaining legal counsel in order to bring this case, to the extent it would be necessary under § 553, the court exercises its discretion to allow the award of attorney's fees as requested by Plaintiff and recommended by Judge Robertson.

With respect to the amount of statutory damages, the court finds, as did Judge Robertson, that the appropriate measure of statutory damages, given the facts available in this case, is $2,200, the amount Defendants should have paid to show the Program in its establishment legally. In reaching this decision, the court is not ruling that the amount of statutory damages under §§ 553 or 605 can never be higher than the licensing fee. The court is simply exercising its discretion in this case, where no more than thirty, and most likely closer to ten patrons were in the establishment, no cover was charged, and most of the patrons were actually watching a basketball game. (Aff. Manuel Aranibar 2, Dkt. No. 15.) Though Plaintiff argues that the licensing fee is not an accurate measure of actual damages in this case, it offers no specific measure of additional actual damages, instead simply requesting the maximum statutory amount. To allow an award at the maximum statutory amount in this case, when there were relatively few patrons at the establishment, no cover was charged, and the majority of patrons did not appear to have been drawn to the establishment to watch the Program, would undermine Congress's decision to set a range for statutory damages. By setting a range, Congress expressed a desire that courts would set statutory damages at different amounts within the range based on the severity of the conduct and harm to the plaintiff. *C.f. Charter Comm. Ent. I, DST v. Burdulis*, 460 F.3d 168, 181-82 (observing that Congress would not have drafted the statutory

---

[1] There is a discrepancy of $.01 between the amount awarded by Judge Robertson and the sum of the individual figures awarded by Judge Robertson. The court will award the sum of the figures, $5,931.90, rather than $5,931.91.

damages scheme in a way that would always result in the statutory award being greater than actual damages).

For similar reasons, the court agrees with Judge Robertson's recommendation for an award of enhanced damages of $2,000. Defendants' display of the Program to its clients was clearly willful, justifying some enhancement, but, again, there are no facts alleged or suggested by Plaintiffs that warrant a larger enhancement. As Judge Robertson has pointed out, this amount is well within the range for this geographic area and is appropriate given the number of the patrons in Defendants' establishment. Based on the information available in the complaint concerning Defendants, the court sees no reason to believe the total amount of the award will not provide sufficient deterrence to prevent further violations by these Defendants. The court also finds no indication in the facts before it that a larger award would be more likely to deter other similar, local businesses from similar conduct.

For the foregoing reasons, upon de novo review, the court hereby ADOPTS Judge Robertson's Report and Recommendation in its entirety. Judgement for Plaintiff is entered in the amount of $5,931.90.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge